IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
FEB 0 5 2007
J.T. NOBLIN, CLERK
BY_____DEPUTY

MICHAEL SHANE STEPHENS              )
                                    )
     Plaintiff,                     )
                                    )
VERSUS                              )    Civil Action No.: 1.07CV96LGJMR
                                    )
HARRISON COUNTY, MISSISSIPPI;       )
SHERIFF GEORGE H. PAYNE, JR.;       )    (JURY TRIAL DEMANDED)
AND UNKNOWN OFFICERS IN THEIR       )
INDIVIDUAL AND OFFICIAL             )
CAPACITY                            )
                                    )
                                    )
     Defendants.                    )
_____)

## COMPLAINT

**COMES NOW**, Plaintiff, Michael Shane Stephens, by and through his attorney of record, La Quetta M. Golden, and files this Complaint seeking money damages against Defendants, Harrison County, Mississippi; Defendant George H. Payne, Jr.; and unknown Defendant Officers and would show unto this Honorable Court the following, to-wit:

### I.

### JURISDICTION

1.   This court has jurisdiction pursuant to 42 U.S.C. 1983, and under the Constitution of the United States of America, specifically, the Fourth, Fifth and Fourteenth Amendment's due process clauses.

### II.

### PARTIES

2.   The Plaintiff is an adult resident citizen of the State of Texas residing in the city of Vidor, Texas.

3. The Defendant, Harrison County Mississippi, is a political subdivision organized under the laws of the State of Mississippi, and upon whom process may be served by serving its Board of Supervisor's President, Larry Benefield, at 1801 23rd Avenue, Gulfport, Mississippi.

4. Defendant George Payne, is an adult resident citizen of the Southern District of Mississippi, who at all times pertinent to this lawsuit was employed in a supervisory capacity over the sheriff's department acting under the direction and control of Defendant County and was acting pursuant to either official policy or the custom, practice and usage in the course and scope of his employment. Defendant Payne is sued in both his official and his individual capacity. Defendant Payne may be served with process at 1801 23rd Avenue, Gulfport, Mississippi.

5. Defendant Unknown Officers, will be served with process upon proper identification and addresses of said officers.

## III.

## FACTS

6. Your Plaintiff asserts that on or about February 5, 2004, at approximately 11:00 p.m., he was traveling on Interstate 10 located in Harrison County, Mississippi in his friend's vehicle when he noticed a Defendant's Sheriff deputy following him.

7. Your Plaintiff refused to stop and a pursuit ensued which lasted for approximately 15 minutes. There were approximately four to five Defendant officers in pursuit of your Plaintiff.

8. When the vehicle finally came to a stop, your Plaintiff exited the vehicle. At that precise moment, another Defendant officer deliberately drove his vehicle into your Plaintiff striking him and the car door of the vehicle in which he was driving.

9. The car door was demolished and knocked off its hinges while your Plaintiff was suddenly airborne.

10. As a result of the action of this officer, your Plaintiff began running into the woods. Thereafter, the Defendant officers followed your Plaintiff. One of the Defendant officers told your Plaintiff to lie down or he'll shoot.

11. Your Plaintiff complied with the Defendant Officer's directives and surrendered by laying on the ground with his hands behind his back. Afterwards, the Defendant officers took turn kicking, hitting and beating your Plaintiff.

12. Your Plaintiff asserts that one of the Defendant Officers stood and stomped your Plaintiff's head. Thereafter, the Defendant Officers stood your Plaintiff on his feet and dragged him over a barb wire fence creating deep lacerations into his skin.

13. Finally, one of the Defendant Officers grabbed your Plaintiff's left arm while another Defendant Officer grabbed his right arm. Next, the two Defendant Officers began running with your Plaintiff and deliberately rammed him into trees causing severe injuries to his face and head.

14. When your Plaintiff inquired why he was stopped, one of the Defendant Officers told him because he didn't use his blinker light to merge back into traffic.

15. Your Plaintiff asserts that the Defendant officers engaged in torturous conduct, violated his constitutional rights as a citizen, used excessive force and abused their authority under color of law which was the direct and proximate cause of his many injuries.

## IV.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. SECTION 1983

By this reference, you Plaintiff incorporate each and every allegation and averment contained in all preceding paragraphs of this Complaint as though fully set forth herein.

16. The Defendants police officers, acting under color of law, committed substantive due process violations shocking to the conscience and far outside the bounds of the law in the assault upon and use of excessive force against your Plaintiff, in violation of the 4th Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments, and of 42 U.S.C. 1983.

17. The Defendant, George Payne, acting as sheriff and having control, implemented policy and/or ratified the conduct of said Defendant officers, thus making them the custom or practice of the Defendant County.

18. The Defendant, Harrison County, Mississippi, through its board of supervisors, looked into the conduct of the officers and ratified their actions, thus making them the custom or practice of the Defendant County.

19. Your Plaintiff was damaged by the constitutional and federal statutory violations as aforesaid mentioned, and the Plaintiff is entitled to just compensation for violation of constitutional rights, economic loss, pain and suffering, and emotional distress.

## COUNT II

### 42 U.S.C. SECTION 1983

For this cause of action against Defendant unknown Officers, Plaintiff states:

By this reference, Plaintiff incorporate each and every allegation and averment set forth in all the previous and Counts of this Complaint as fully set forth herein.

20. Acting under color of state law, Defendants unknown officers unlawfully and without probable cause approached your Plaintiff and caused him serious injuries to his person.

21. The Defendants acted to deprive your Plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws. Furthermore, the unknown officers committed the following acts:

a. The Defendants acted to intentionally restrain and harass your Plaintiff.

b. The Defendants acted to intentionally deny your Plaintiff's Fourth Amendment right to be free of unlawful intrusions and right to privacy.

c. The Defendants interfered with Plaintiff's movement, by using unnecessary and excessive force and seizing him without any probable cause.

d. The Defendants deliberately hit, beat, tortured your Plaintiff after your Plaintiff had surrendered to their authority.

22. As a direct result of the unlawful, intentional and malicious acts of the unknown Defendant Officers, your Plaintiff sustained non-economic damages for the conscious pain, suffering, humiliation, inconvenience, and embarrassment that he was forced to endure.

## COUNT III

Your Plaintiff incorporates herein the preceding allegations of this Complaint.

23. Defendant Harrison County, Mississippi acts are responsible for the policies, practices and customs of the Defendant Harrison County Sheriff's Department. The acts and edicts of these policy-making officials represent also the policies, practices and customs of Harrison County, Mississippi.

24. Defendant Harrison County, Mississippi has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Sheriff's Department.

25. Defendant George Payne has a duty and responsibility to properly hire, train, supervise, discipline and control all members of the Sheriff's Department.

26. Defendant Unknown Officers have a duty to follow the policies and procedures of the Harrison County Sheriff's Department and to enforce the ordinances and laws of Defendant County, City, the laws of the Constitution of the United States and the State of Mississippi consistent with these laws and ordinances in a fair and just way without unlawfully or unreasonably creating an unnecessary high risk to human life and safety.    5.

27.     As a result of the practices of brutality and of deplorable conditions in the Harrison County Sheriff's Department, citizens and more specifically the Plaintiff has been subjected to unlawful punishment and suffering, and there has been and continues to be an unconscionably high incidence of brutality committed by these officers within the Harrison County Sheriff's Department. Said inmate abuse has been constant since before August 2001.

28.     Recently, there have been numerous guilty pleas entered by current and former Harrison County Deputies who have admitted and confessed to widespread inmate abuse within the Harrison County Jail System.

29.     Defendants Harrison County Mississippi and George Payne are aware or should have been aware of prior acts of inmate abuse and brutality committed by these officers which are indicative of a serious long-standing pattern of police misconduct. For example, the February 4, 2006 torturous beating death of Jessie Lee Williams is just one example of the widespread police brutality and an abuse of authority against inmates.

30.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in all the previous paragraphs of this Complaint as though fully set forth herein.

31.     Your Plaintiff alleges the above described conduct of the Defendants has caused him to suffer emotional distress. Defendant Unknown Officers' conduct was extreme and outrageous, undertaken for the purpose of causing Plaintiff to suffer severe emotional distress. Alternatively, Defendants' conduct was undertaken with reckless disregard for the probability that it would cause Plaintiff to suffer severe emotional distress. Defendants knew or should have known that their actions would have such a result or were substantially certain to have such a result.

32.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue to sustain damages for which Defendants are liable. Your Plaintiff has further sustained and

Will continue to sustain damages in the form of severe emotional distress, mental anguish, worry, severe grief, fright, shame, humiliation, degradation, embarrassment, physical and mental injuries for which Defendants are liable. Additionally, because the Defendants' conduct was intentional willful and malicious, an award of exemplary damages is warranted.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that all Defendants are summoned to appear and answer, for judgment against all Defendants for actual, compensatory and punitive damages in excess of Three Million Dollars ($3,000,000.00), plus cost of this action, attorneys' fees and such other relief as the Court deems fair and appropriate under the circumstances.

Your Plaintiff prays for any other relief as applied, either general or specific.

Respectfully submitted on this the ___2___ day of ___February___, 2007.

O/B/O Michael Shane Stephens

_La Quetta M. Golden_
La Quetta M. Golden
Attorney for Plaintiff

**PRESENTED BY:**

**LAW OFFICE OF
LA QUETTA M. GOLDEN
12311 Ashley Dr., Ste. D.
Gulfport, MS 39503
MS BAR NO.: 8580**
GoldensLaw@Bellsouth.net
**(228) 832.9111
(228) 832.9008 (fax)**

## GENERAL AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF HARRISON

I, Michael Shane Stephens, do hereby certify that I am the Plaintiff in the above referenced lawsuit. I further affirm that the foregoing facts and statements contained in the complaint are true and correct to the best of my ability. I attest to the foregoing in the presence of a notary on this the _2_ day of _February_, 2007.

_____
Michael Shane Stephens - Affiant

(SEAL)

_____
Notary - State of Mississippi

MY COMMISSION EXPIRES:
November 28, 2008

My Commission Expires:_____

8.

## PLAINTIFF'S PRETRIAL DISCLOSURES

### A. WITNESSES:

1. Mr. Michael Shane Stephens. (May be contacted through his attorney). This witness is expected to testify to the events as stated in the complaint.

2. Mr. George Payne (May be contacted through his attorney) This adverse witness is expected to testify to the abuse of inmates, the policies of excessive use of force and his knowledge of inmate abuse.

3. Unknown Defendants (May be contacted through their attorneys) These adverse witnesses are expected to testify about their involvement in the incident complained of in this complaint and other inmate abuse.

### B. LIST OF EVIDENCE:

1. Defendant's policy on excessive use of force

2. Plaintiff's employment and income verification

3. Medical records & reports

4. Harrison County Sheriff's Reports

5. Affidavits from eye witnesses

6. Defendants' police records

7. Harrison County Sheriff's policy on stop, search, detainment and arrest

8. Plaintiff's loss income

9. Documentation from other inmate abuse

### C. DAMAGE COMPUTATION

    ACTUAL DAMAGE
    (Loss wages, medicals)

    COMPENSATORY DAMAGE
    (Mental anguish, pain and suffering)

    PUNITIVE DAMAGES
    (Willful and wanton conduct of the defendants)

**TOTAL DAMAGES CLAIMED    IN EXCESS OF $3,000,000.00**