```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      SOUTHERN DIVISION
```

**MICHAEL SHANE STEPHENS**                                               **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:07-cv-96LGJmr**

**HARRISON COUNTY MISSISSIPPI;**
**SHERIFF GEORGE H. PAYNE, JR.;**
**AND UNKNOWN OFFICERS IN THEIR**
**INDIVIDUAL AND OFFICIAL CAPACITY**                                    **DEFENDANTS**

### ANSWER AND DEFENSES OF
### HARRISON COUNTY, MISSISSIPPI TO COMPLAINT

COMES NOW, the Defendant, HARRISON COUNTY BOARD OF SUPERVISORS (hereinafter "the Board"), by and through its attorney of record, Karen J. Young, of the law firm of Meadows Riley, and files its Answer and Defenses to the Complaint filed as follows, to-wit:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(B)(6).

### SECOND AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course

and scope of their employment during the incident which is the subject of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers and pleads the doctrine of sovereign immunity against the claims of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant is exempt as a governmental entity pursuant to Miss. Code Ann. § 11-46-9 (1972), specifically Sections 1(b), (c), (d), (g), (m), and (r).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to the exclusive remedy provisions of Miss. Code Ann. §§ 11-46-7 and 11-46-15 (1972) (Supp. 1996). Plaintiff is not entitled to a trial by jury.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sues for personal injuries, Defendant raises the defense Plaintiff suffered from a pre-existing condition or conditions.

### SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by this Defendant. The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to give statutory notice of his claim as required by Miss. Code Ann. § 11-46-11 (1972).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to follow the proper administrative remedies before filing his lawsuit.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff claims are barred by the state and federal statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has alleged violations under the Civil Rights Act, codified at 42 U.S.C. § 1983.  Harrison County states that a governmental entity cannot be held liable for civil rights violations under the doctrine of Respondeat Superior, and Harriosn County should be dismissed with prejudice in this cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves and invokes all other rights and defenses available, including but not limited to, those set forth in Fed. R. Civ. P. 8(c) and 12(b).

**FOURTEENTH AFFIRMATIVE DEFENSE**

AND NOW, without waiving any other defense to which it is

entitled, the Defendant answers the Complaint, paragraph by paragraph, as follows:

### I.

### JURISDICTION

1. Harrison County admits that this Court has subject matter jurisdiction pursuant to 42 U.S.C. 1983. The remaining allegations are denied.

### II.

### PARTIES

2. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; therefore, all allegations are denied.

3. Admitted.

4. Harrison County admits Defendant George Payne is an adult resident citizen of the Southern District of Mississippi; that he was sued both in his individual and official capacities and that he may be served with process at 1801 23rd Avenue, Gulfport, Mississippi 39502. The remaining allegations of paragraph 4 are denied.

5. Denied.

### III.

### FACTS

6. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; therefore, the allegations are denied.

7. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore, the allegations are denied.

8. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore, the allegations are denied.

9. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9; therefore, the allegations are denied.

10. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10; therefore, the allegations are denied.

11. Denied.

12. Denied.

13. Denied.

14. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14; therefore, the allegations are denied.

15. Denied.

**IV.**

**CAUSES OF ACTION**

**COUNT I**

**42 U.S.C. § 1983**

Harrison County incorporates by reference its responses to each and every allegation set forth in paragraphs 1 through 15

above.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    Denied.

## COUNT II

## 42 U.S.C. § 1983

Harrison County incorporates by reference its responses to each and every allegation set forth in paragraphs 1 through 19 above.

    20.    Denied.

    21.    Denied.    Each and every allegation in paragraph 21, subparagraphs a, b, c, and d are denied.

    22.    Denied.

## COUNT III

## 42 U.S.C. § 1983

Harrison County incorporates by reference its responses to each and every allegation set forth in paragraphs 1 through 22 above.

    23.    Denied.

    24.    Denied.

    25.    Admitted.

    26.    Admitted.

    27.    Denied.

    28.    Denied.

29. Denied.

30. Harrison County incorporates by reference its responses to each and every allegation set forth in paragraphs 1 through 29 above.

31. Denied.

32. Denied.

**PRAYER**

Harrison County denies each and every allegation in the prayer for relief which is the "Wherefore, premises considered" clause, and Harrison County denies Plaintiff is entitled to any damages whatsoever in this cause.

AND NOW, having filed its separate Answer to the Complaint, Harrison County moves this Court to Dismiss it with prejudice, with costs assessed against the Plaintiff as provided by law.

RESPECTFULLY SUBMITTED this the 7th day of March 2007.

> HARRISON COUNTY, BY AND THROUGH ITS
> DULY ELECTED BOARD OF SUPERVISORS
>
> MEADOWS RILEY LAW FIRM
>
> BY: /s/ *Karen J. Young*
>     KAREN J. YOUNG

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS RILEY LAW FIRM
P.O. DRAWER 550
GULFPORT, MS 39502
Phone: (228)864-4511
Fax: (228)868-2178
Email: kyoung@datasync.com

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of Meadows Riley Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

> LaQuetta M. Golden
> 12311 Ashley Drive Suite D
> Gulfport, MS 39501
>
> Cyril T. Faneca
> DUKES, DUKES, KEATING & FANECA
> P.O. Drawer W
> Gulfport, MS 39502-0680

SO CERTIFIED this the 7th day of March 2007.

/s/ *Karen J. Young*
KAREN J. YOUNG, MS Bar #6654

KAREN J. YOUNG, ESQ.
MEADOWS RILEY LAW FIRM
1720 - 23RD AVENUE
P.O. DRAWER 550
GULFPORT, MS  39502
(228) 864-4511
(228) 868-2178 (FAX)
Email: kyoung@datasync.com