IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL SHANE STEPHENS                                                              PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:07cv96LGJMR

HARRISON COUNTY, MISSISSIPPI;
SHERIFF GEORGE H. PAYNE, JR.;
AND UNKNOWN OFFICERS IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY                                           DEFENDANTS

**DEFENDANT, GEORGE H. PAYNE, JR.'S, IN HIS OFFICIAL CAPACITY AS SHERIFF OF HARRISON COUNTY AND INDIVIDUALLY,  MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) OR, IN THE ALTERNATIVE, FOR   MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 ON SEVERAL GROUNDS INCLUDING QUALIFIED IMMUNITY**

COMES NOW Defendant, George H. Payne, Jr., individually and in his official capacity as Sheriff of Harrison County, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files this his Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b) or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 56 on several grounds including Qualified Immunity and in support of said Motion would show unto this Court the following:

I.

On February 5, 2007, Plaintiff Michael Shane Stephens, (hereinafter "Stephens"), filed this action against Harrison County, Mississippi, Sheriff George H. Payne, Jr. and Unknown Officers in their individual and official capacities.  The incident giving rise to this Complaint occurred at the end of a February 5, 2004 pursuit of a vehicle driven by the Plaintiff.  This pursuit began in Harrison County and ended near the 2-mile marker in Hancock County on the right-hand (North) shoulder of Highway I-10 westbound approaching the Mississippi-Louisiana State Line.

II.

Stephens alleges that at the end of this vehicle pursuit, the actions of unknown officers acting under the color of law were the direct and proximate cause of Stephens' many injuries. Further, Stephens alleges that the unknown officers engaged in torturous conduct, violated his constitutional rights, used excessive force and abused their authority in violation of the United States Constitution's Fourth, Fifth and Fourteenth Amendments, and 42 U.S.C. §1983.

Stephens further asserts that Defendant, Sheriff George H. Payne, Jr., implemented policy and/or ratified the conduct of these unknown officers, thus making the unknown officers' conduct the custom or practice of Harrison County.

III.

The pursuit of the vehicle driven by Stephens began at approximately 21:54 near the 25-mile marker in Harrison County, Mississippi, when Harrison County Deputy Gene Dedeaux turned on his siren and blue lights in an attempt to pull Stephens over, due to Stephens' failure to signal when changing lanes while driving on Highway I-10 westbound in Harrison County. Instead of pulling over, Stephens accelerated and continued to drive westbound on Highway I-10. While still in Harrison County, Stephens, with Deputy Dedeaux immediately behind him in his patrol car, approached Harrison County Deputy Tony Sauro's patrol car. Stephens refused to stop his vehicle in response to Deputy Sauro's blue lights and continued toward Hancock County.

In response to a request from the Harrison County Sheriff's Department Dispatcher, Hancock County Deputies responded and took over the lead in the pursuit of Stephens as Stephens entered Hancock County. At this time, Hancock County Deputy James

Esposito's patrol car was immediately behind Stephens' vehicle, and Hancock County Deputy Danny Gilkerson's patrol car was behind Esposito's. The two Harrison County patrol cars driven by Harrison County Deputies Gene Dedeaux and Tony Sauro followed the pursuing Hancock County patrol cars through Hancock County.

As the vehicle driven by Stephens approached the two-mile marker on Highway I-10 westbound in Hancock County, Hancock County deputies put out "stop sticks" which punctured the tires of Stephens' vehicle, causing Stephens to veer off the highway and come to stop on the right-hand of the Highway I-10 westbound.

Pursuing Hancock County Deputy Esposito followed Stephens' vehicle onto the shoulder, and applied his brakes, causing him to skid and then sideswipe the driver's side of the vehicle driven by Stephens. Stephens exited the vehicle he had been driving and ran into the wooded area adjacent (north side) to the Highway I-10 westbound shoulder. Hancock County Deputy Esposito retrieved his flashlight and followed Stephens into the wooded area, where he found Stephen attempting to climb over a fence, which was topped with barbed wire. Hancock County Deputy Esposito apprehended Stephens on the North side of the fence and handcuffed him. Hancock County Deputy Danny Gilkerson approached and assisted Hancock County Deputy Esposito in getting Stephens back over the fence. Hancock County Deputy Esposito then went back over the fence to retrieve gear that had fallen off of his belt. Hancock County Deputy Gilkerson then escorted Stephens back to the Highway I-10 shoulder and turned custody of Stephens over to Harrison County Deputy Gene Dedeaux.

Deputy Dedeaux transported Stephens to the Harrison County Adult Detention Center without incident and Stephens was processed into the Harrison County Adult Detention Center.

IV.

In Paragraph III, subparagraph 15 of his Complaint, the Plaintiff asserts that "the Defendant officers engaged in torturous conduct, violated his constitutional rights as a citizen, used excessive force and abused their authority under color of law, which was the direct and proximate cause of his many injuries."

Plaintiff Stephens' claims against Harrison County Sheriff George H. Payne, in his individual capacity and in his official capacity, arise solely out of the Plaintiff's allegations against the "Unknown Deputies" beginning from the moment Hancock Deputy James Esposito's patrol car struck the driver's side of the vehicle Stephens had brought to a stop near the two-mile marker on Highway I-10 westbound, until Hancock County Deputies Esposito and Gilkerson escorted Stephens back through the wooded area to the shoulder of Highway I-10 westbound, where the Hancock County Deputies turned Stephens over to Harrison County Deputy Gene Dedeaux for transport to the Harrison County Adult Detention Center.

Plaintiff's specific complaints against the "Unknown Deputies" are contained in subparagraphs 11 through 14 of Paragraph III of his Complaint: The Plaintiff alleges that after he exited his vehicle and ran into the wooded area the "Unknown Deputies" took turns kicking, hitting and beating the Plaintiff; and (b) that one of the deputies stomped the Plaintiff's head; and (c) the unknown deputies stood the Plaintiff on his feet and then dragged him over a barbed wire fence; and (d) the unknown deputies picked the Plaintiff

up and rammed the Plaintiff's head into a tree, causing severe injuries to his face and head.

V.

The facts concerning the allegations by Plaintiff Stephens against George H. Payne, Jr., individually and in his official capacity as Sheriff of Harrison County, cannot be reasonably disputed. The facts clearly support the conclusion that the only Harrison County Deputies at the scene of this incident were waiting at the shoulder of Highway I-10 westbound during the time the Plaintiff claims he was mistreated while in the wooded area adjacent to the highway shoulder. Thus, there was no constitutional violation as to the Plaintiff and no negligence on the part of George H. Payne, Jr., either in his individual capacity or official capacity as Sheriff of Harrison County. Further, while acting in his official capacity as Sheriff of Harrison County, or in his individual capacity, George H. Payne, Jr. did not have control over, implement any policy or ratify the conduct of the Hancock County Sheriff's Deputies, George H. Payne, Jr., acting in his official capacity as Sheriff of Harrison County, or in his individual capacity, had no authority or responsibility to properly hire, train, supervise or control the Hancock County deputies who retrieved Stephens from the barbed wire fence that Stephens encountered in the dark while running from the Hancock County deputies. Therefore, Defendant, George H. Payne, Jr. is entitled to Summary Judgment as Stephens cannot establish the elements of an official capacity claim against George H. Payne, Jr., and in addition, Plaintiff cannot overcome the qualified immunity defense for his individual capacity claim against George H. Payne, Jr.

VI.

Any state law claims by the Plaintiff are barred by the provisions of the Mississippi Tort Claims Act, Mississippi Code Annotated §11-46-1, et. seq.

VII.

In support of this motion, Defendant, George H. Payne, Jr., individually and in his official capacity as Sheriff of Harrison County, attaches hereto and incorporates by reference the following:

1) Affidavit of former Harrison County Deputy Gene Dedeaux;

2) Affidavit of Harrison County Deputy Tony Sauro;

3) Affidavit of former Hancock County Deputy Danny Gilkerson;

4) Deposition of Hancock County Deputy James B. Esposito;

5) Color photo of Hancock County Deputy James B. Esposito's patrol car stopped along side the vehicle driven by Plaintiff Stephens. This photo was taken from the video tape of the pursuit taken by Harrison County Gene Dedeaux's dash-mounted video camera.

Defendant further relies upon his Memorandum of Authorities in Support of his Motion submitted contemporaneously herewith.

WHEREFORE premises considered, George H. Payne, Jr., in his official capacity as Sheriff of Harrison County and in his individual capacity, respectfully prays that upon a hearing of these matters, all issues having been considered, this Honorable Court will grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) or, in the alternative, grant Summary Judgment pursuant to Fed. R. Civ. P. 56 in that there are no material facts in dispute and that this Defendant is entitled to Judgment as a matter of law.  This

Defendant prays for such other and further relief that this Court might deem appropriate.

    Respectfully submitted, this the 25th day of April, 2008.

                            SHERIFF GEORGE PAYNE, JR., officially
                            and in his individual capacity

                BY:    DUKES, DUKES, KEATING & FANECA, P.A.

                BY:    <u>S/Cy Faneca</u>
                            Cy Faneca

CY FANECA, MSB#5128
JOE GEWIN, MSB#8851
HALEY N. BROOM, MSB #101838
JON S. TINER, MSB #101733
DUKES, DUKES, KEATING & FANECA, P. A.
2909 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, MS 39502
Telephone: (228) 868-1111
Facsimile: (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Counsel for Plaintiff:
>>LaQuetta M. Golden, Esq.
>>12311 Ashley Dr., Suite D
>>Gulfport, MS 39503
>
>Counsel for Harrison County:
>>Karen J. Young, Esq.
>>Post Office Drawer 550
>>Gulfport, MS   39502

This, the 25th day of April, 2008.

>>>>*s/Cy Faneca*
>>>>CY FANECA